IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL BAZAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-116-Z-BR |
| | § | |
| DIRECTOR, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Before the Court is a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Michael Bazan ("Petitioner"). (ECF 3). The Respondent adequately summarized Petitioner's claims as follows:

1. The Texas Department of Criminal Justice (TDCJ) violated the separation of powers doctrine by reviewing parole and mandatory supervision eligibility when the Texas Constitution delegates sentencing authority to the judicial branch of the Texas government;

2. TDCJ violated his due process rights when it denied his parole;

3. TDCJ acted in bad faith in denying his parole;

4. TDCJ abuses its authority in administering good time and work time credits;

5. The state has denied his access to courts in reviewing the denial of his parole; and

6. TDCJ exercises its parole and mandatory supervision authority in an arbitrary and capricious manner.

ECF 16 at 2. As to relief, Petitioner seeks immediate release – either to parole or mandatory supervision. *See* ECF 3.

By his pleading, Petitioner seeks immediate release from incarceration. At the time he filed the instant habeas application, Petitioner was incarcerated at the Jordan Unit in Gray County, Texas.

Inquiry to the online Offender Information Search website maintained by the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) reflects Petitioner is no longer in TDCJ-CID custody. *See* https://offender.tdcj.texas.gov/OffenderSearch/search.action (last accessed December 9, 2020).

Petitioner's release renders moot any complaint about his detention. Article III of the Constitution limits federal court jurisdiction to "cases" and "controversies." U.S. CONST. ART. III; *United States Prole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id*. at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). When a petitioner does not attack the validity of his conviction, but merely contests the imposition and duration of his confinement, the case becomes moot when the petitioner is no longer confined. *Lane v. Williams*, 455 U.S. 624, 631 (1982). This applies to all claims concerning parole denial made by Petitioner.

As to any claims regarding good time or work credits, such claims are also now moot, even if Petitioner is later revoked from parole or supervised release. *See Adair v. Dretke*, 150 Fed. Appx 329, 2005 WL 2473569 at *3 (5th Cir. 2005) (unpublished). "On the revocation of parole or mandatory supervision of an inmate, the inmate forfeits all good conduct time previously accrued." *Id*. at *3 (citing TEX. GOV'T CODE ANN. § 498.004(b)).

## **RECOMMENDATION**

For the reasons set forth above, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner be DISMISSED as moot.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED December 10, 2020.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).